# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD KERNER**
        Petitioner,

  v.                                 **Case No. 11-C-1098**
                                       **(Criminal Case No. 10-CR-146)**

**UNITED STATES OF AMERICA**
        Respondent.

## RULE 4 ORDER

Petitioner Richard Kerner pleaded guilty to distributing marijuana to a person under the age of twenty-one, contrary to 21 U.S.C. §§ 859, 841(a)(1) & (b)(1)(D), and I sentenced him to 54 months in prison. He took no appeal but now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his lawyer provided ineffective assistance of counsel.

## I. BACKGROUND

On May 19, 2010, police officers on patrol in an undercover vehicle observed defendant engage in a hand-to-hand transaction with a young woman. The officers stopped the woman, who admitted that she had just bought marijuana from defendant, and recovered the drugs, which weighed 2.04 grams. The officers further learned that the female customer was seventeen years old. A short time later, officers saw defendant's car, conducted a traffic stop, and obtained consent to search, locating a small bag of marijuana in the center console, which weighed 15.27 grams.

On November 24, 2010, defendant pleaded guilty to a violation of 21 U.S.C. § 859, and I ordered a pre-sentence report ("PSR") in anticipation of sentencing. The PSR set a base

offense level of 26 under U.S.S.G. § 2D1.2(a)(3) because defendant sold drugs to a person under the age of eighteen;[1] added 2 levels under U.S.S.G. § 3C1.2 for reckless endangerment during flight based on defendant's alleged involvement in a June 9, 2010 high speed chase with the police; then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 25. The PSR further determined that defendant qualified as a career offender under U.S.S.G. § 4B1.1 based on his prior convictions of battery by a prisoner and conspiracy to commit racketeering, resulting in a criminal history category of VI.[2]

Defendant denied being involved in the June 9, 2010 chase and thus objected to the enhancement under § 3C1.2 and to the inclusion in his drug weight of 15 ounces of marijuana seized from the car on that date. He further objected to the PSR's career offender determination, arguing that neither alleged predicate qualified as a crime of violence under U.S.S.G. § 4B1.2.

I first noted that the marijuana found following the June 9 chase did not affect the guideline range in this case; whether I included those drugs or not, defendant faced an offense level of 26 under U.S.S.G. § 2D1.2(a)(3) because he sold marijuana to a person under the age of eighteen. I therefore found it unnecessary to resolve that aspect of the objection under Fed.

---

[1] Section 2D1.2 applies to drug offenses occurring near protected locations or involving underage or pregnant individuals, and provides that the base offense level shall be the greatest of (1) 2 plus the offense level from § 2D1.1 applicable to the quantity of controlled substances directly involving a protected location or an underage or pregnant individual; or (2) 1 plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense; or (3) 26, if the offense involved a person less than eighteen years of age; or (4) 13, otherwise. U.S.S.G. § 2D1.2(a). In the present case, § 2D1.1 produced an offense level of 6, so § 2D1.2(a)(3) controlled.

[2] The career offender guideline produced an offense level of 24 in this case, so the higher level determined under chapter two controlled. See U.S.S.G. §4B1.1(b).

2

R. Crim. P. 32(i)(3)(B). Defendant argued that level 26 was unreasonably harsh, but I found that an issue for consideration under 18 U.S.C. § 3553(a). I declined to impose the enhancement under U.S.S.G. § 3C1.2, finding that even if he was in the car during the June 9 chase the government failed to show that defendant actively caused or procured the reckless behavior at issue. See United States v. Wilfong, 475 F.3d 1214, 1220 (10th Cir. 2007). Finally, I declined to definitively resolve the career offender dispute, as allowed by United States v. Sanner, 565 F.3d 400, 406 (7th Cir. 2009), because that designation did not change the offense level and only modestly affected the criminal history category (defendant rated a V based on criminal history points, a VI under the career offender guideline). The ranges overlapped either way: 84-105 in category V and 92-115 in category VI.

On March 3, 2011, after considering the factors set forth in 18 U.S.C. § 3553(a), I sentenced defendant to 54 months in prison. In imposing that below-guideline sentence, I considered the small amount of marijuana involved, as well as defendant's ignorance of the age of his customer. Balancing the relatively minor nature of the crime with the seriousness of defendant's record, the need to protect the public, and the need to deter, I found a sentence of 54 months sufficient but not greater than necessary to satisfy all of the purposes of sentencing.

## II. DISCUSSION

### A. Section 2255

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

3

the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005).

**B.   Analysis**

In order to prevail on an ineffective assistance claim, petitioner must show (1) that his attorney's performance was objectively deficient, and (2) that he was prejudiced by the sub-par representation. Strickland v. Washington, 466 U.S. 668, 687 (1984). To meet his burden on the performance prong, petitioner must establish specific acts or omissions of his counsel falling outside the wide range of professionally competent assistance. Id. at 687-89. To demonstrate prejudice, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

**1.   Drug Amount/Mandatory Minimum Sentence**

Petitioner first claims that his lawyer provided ineffective assistance in failing to advise the court that he sold only 2 grams of marijuana to the underage witness, making the

4

mandatory minimum provision of 21 U.S.C. § 859(a) inapplicable. Section 859(a) generally provides that a distributor of drugs to a person under age twenty-one is subject to twice the maximum punishment otherwise provided and not less than one year imprisonment; however, this mandatory minimum does not apply to offenses involving 5 grams or less of marijuana. 21 U.S.C. § 859(a).

Petitioner was not found subject to the mandatory minimum in this case; as indicated in the plea agreement, he faced a statutory imprisonment range of up to 10 years; thus, there was no need for counsel to make this argument. In any event, I found a sentence of 4-½ years necessary to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a), so petitioner cannot show prejudice based on counsel's failure to object to a much lower (and in any event inapplicable) mandatory minimum.

Petitioner also argues that the marijuana recovered from his car after the May 19, 2010 traffic stop should not have been included in his drug weight. However, petitioner develops no argument as to why this amount would fall outside the permissible scope of relevant conduct under U.S.S.G. § 1B1.3(a)(2), which may include conduct not formally charged. See, e.g., United States v. Hatchett, 31 F.3d 1411, 1419 (7th Cir. 1994). In any event, the marijuana seized from petitioner's vehicle had no effect on the guideline range. As indicated above, petitioner faced an offense level of 26 based on the 2 gram sale to the minor customer alone.[3] Finally, counsel did bring the small amounts involved in this case to my attention, and I considered that argument in imposing a below-guideline sentence under § 3553(a).

---

[3]Even under U.S.S.G. § 2D1.1, the 15 grams recovered from the car had no effect; offenses involving less than 250 grams of marijuana carry a base offense level of 6. U.S.S.G. § 2D1.1(c)(17).

5

## 2. Knowledge of Customer's Age

Petitioner's second claim is that counsel was ineffective in advising him to plead guilty even though he had never met the minor customer before and could not have known her age. However, knowledge of the recipient's age is not an element of the offense under 21 U.S.C. § 859, see, e.g., United States v. de Velasquez, 28 F.3d 2, 5 (2d Cir. 1994); United States v. Carter, 854 F.2d 1102, 1109 (8th Cir. 1988); United States v. Pruitt, 763 F.2d 1256, 1262 (11th Cir. 1985); see also United States v. Chin, 981 F.2d 1275, 1280 (D.C. Cir. 1992),[4] so counsel did not misadvise petitioner in this regard. To the contrary, advising petitioner to go to trial on a defense of mistake as to the customer's age would have been ineffective. Counsel did argue this as a basis for a below-guideline sentence under § 3553(a), an argument I accepted in part.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484

---

[4]Nor is such knowledge necessary for the enhanced offense levels under U.S.S.G. § 2D1.2. See United States v. Schnell, 982 F.2d 216, 221-22 (7th Cir. 1992); United States v. Robles, 814 F. Supp. 1249, 1251 (E.D. Pa.), aff'd, 8 F.3d 814 (3d Cir. 1993).

6

(2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

7